UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **NATIONWIDE PROPERTY & CASUALTY INSURANCE CO.,** § § § | |
| **Plaintiff,** § § | Case No. 5:21-cv-1131-LCB |
| v. § § | |
| **JEREMIAH LONG, Rochelle Long, J.L., J.L., J.L., Doris Bond, James Bond, and Charles Hopkins,** § § § § § | |
| **Defendants.** § § | |

## OPINION

Before the Court is Nationwide's motion for default judgment (Doc. 49) against Mr. James Bond and Mr. Charles Hopkins. The motion is due to be granted in part and denied in part.

### I. BACKGROUND

The Court's opinion on Nationwide's motion for judgment on the pleadings (Doc. 42), entered contemporaneously herewith, contains a detailed recitation of the facts underpinning this dispute. The Court will not repeat them in full here but will merely summarize those bearing directly on Nationwide's motion for default judgment.

Nationwide issued an automobile-insurance policy to Doris Bond, the terms of which applied at all times relevant to the parties' dispute. The Policy provided

limited liability coverage only for Ms. Bond and her Nissan Frontier S ("the Vehicle"). Her son, James Bond, was named as an excluded driver, and the Policy further excluded all coverage for any injuries arising out of Mr. Bond's use of the Vehicle.

On June 4, 2021, Mr. Bond, the Long family, and Charles Hopkins were involved in a vehicular collision while Mr. Bond was driving the Vehicle. The Longs filed suit against the Bonds in state court for injuries allegedly sustained during the accident. From Mr. Bond, they seek damages for negligent and/or reckless operation of the Vehicle.[1] Mr. Hopkins, having allegedly sustained injuries of his own during the accident, wrote a letter to Mr. Bond—through counsel—advising Mr. Bond to forward the letter to his insurer, and for reasons unknown, Mr. Bond forwarded that letter to Nationwide.[2]

Nationwide subsequently filed a declaratory judgment action in this Court; in short, Nationwide asks this Court to determine that it owes the Bonds no duties with respect to alleged injuries flowing from the June 4 accident. More specifically, Nationwide asks for a judgment declaring that it owes no duty to defend or indemnify either James or Doris Bond in the Longs' ongoing lawsuit and, in

---

[1] As addressed in the Court's opinion on Nationwide's motion (Doc. 42) for judgment on the pleadings, the Longs seek damages from Ms. Bond on a theory of negligent entrustment.
[2] Doc. 38 at 4 ¶ 16.

2

addition, that Mr. Hopkins is entitled to no insurance proceeds for injuries allegedly sustained during the June 4 accident.

Messrs. Bond and Hopkins have not, to date, answered Nationwide's complaint or otherwise appeared in this case. Nationwide has obtained a clerk's entry of default against the pair (Doc. 20) and now moves for default judgment (Doc. 49).[3]

## II. LEGAL STANDARD

Obtaining a default judgment implicates a two-step process. FED. R. CIV. P. 55. Step one: Upon a defendant's failure to plead or otherwise defend itself, the clerk of court must execute an entry of default. FED. R. CIV. P. 55(a). Step two: Assuming the defendant is neither an incompetent person nor an infant, a default judgment is appropriate if, accepted as true, the plaintiff's well-pleaded allegations constitute a claim upon which relief can be granted. FED. R. CIV. P. 55(b); *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[4]

## III. DISCUSSION

For the forthcoming reasons, Nationwide's motion (Doc. 49) is due to be granted insofar as it seeks a judgment declaring that Mr. Bond is entitled to no

---

[3] Once previously, Nationwide filed a motion for default judgment (Doc. 36), which was denied as moot when, for procedural reasons, the Court ordered Nationwide to amend its complaint. (*See* Doc. 37.)

[4] All decisions of the United States Court of Appeals for the Fifth Circuit handed down before the close of business on October 1, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

defense from Nationwide in the underlying lawsuit. Nationwide's motion is due to be denied, however, with respect to Nationwide's requests for a determination of its duty to indemnify Mr. Bond and its duty to distribute proceeds to Hopkins for injuries related to the June 4 accident. Those disputes, at this time, lack the sort of ripeness upon which this Court necessarily must predicate adjudication thereof.

### A.   Mr. Bond

Nationwide has no duty to defend Mr. Bond in the underlying lawsuit. He is not insured by Ms. Bond's policy with Nationwide—a policy under which Nationwide owes Ms. Bond herself no duty to defend in the underlying action—and the Court is aware of no conceivable basis for holding otherwise.

However, the underlying lawsuit is ongoing. For the reasons stated in the Court's opinion on Nationwide's motion for judgment on the pleadings, Nationwide's request for a declaratory judgment on the indemnification issue is not ripe for review. The United States Constitution bars this Court from ruling on the issue at this time.

### B.   Mr. Hopkins

Mr. Hopkins is not alleged to have been joined in the underlying lawsuit, so no question Nationwide's duty to defend is presented here. Nationwide simply claims that "Mr. Hopkins *would* have no claim for recovery of any insurance

proceeds from Nationwide" arising from the June 4 accident."[5] The prospective nature of Nationwide's argument is illustrative of its fatal flaw: There has been no determination, in the underlying lawsuit, of liability for the June 4 accident. Thus, for the reasons stated in the Court's opinion on Nationwide's motion for judgment on the pleadings, Article III of the United States Constitution bars this Court from ruling on the issue at this time. The issue is simply not ripe for review, as evidenced by the possibility that neither Mr. nor Ms. Bond is found liable in the action below.

## IV.   CONCLUSION

Insofar as Nationwide requests a judgment on its duty to defend Mr. James Bond in the underlying lawsuit, Nationwide's motion (Doc. 49) is **GRANTED**. In all other respects, Nationwide's motion is **DENIED**. A final default judgment to that effect will be entered separately.

**DONE** this March 30, 2023.

**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE

---

[5] Doc. 49 at 5–6 (emphasis added).